BARKETT, Circuit Judge,
specially concurring:
I concur in the majority’s conclusions that the government may sometimes collect profit-conscious fees in regulating First Amendment activities in nonpublic forums, and that Hartsfield International Airport’s regulatory scheme nonetheless violated the First Amendment by vesting unbridled discretion in licensing officials. However, I do not believe there is any basis for the majority’s gratuitous comment that the district court should not, upon remand, “be precluded from considering the City’s claim, if any, for lost revenues from enjoined fees that we have determined were constitutionally permissible.” Notwithstanding the majority’s equivocation, the City can have no entitlement to fees it might have collected during the pendency of this litigation because it has never formulated a licensing scheme that would suitably constrain airport officials’ discretion. If the airport is to collect profit-conscious fees for the lease of newsracks, it must first return to the drawing board and devise a new licensing plan that does not vest unrestrained discretion in any official.[1] Only *1317 if such a plan is thereafter improperly enjoined might the city establish an entitlement to recover lost revenues. Because the majority opinion does not reach any contrary conclusion, I concur.

. I believe the view expressed by Judge Carnes fails to take into account the special solicitude which our Constitution and many decades of jurisprudence have shown for expression. It seems to me wrong to state that Hartsfield International Airport officials may "collect!] a reasonable fee from whomever uses airport property, regardless of whether there is a valid scheme in place for limiting the use of that property,” and the majority in this case certainly does not grant officials any such permission. While this rule might well state the airport’s authority with respect to vendors of ice cream bars or soft drinks, it does not accord with the First Amendment’s limitations on the regulation of expressive activity. The Supreme Court has held that "when a licensing statute allegedly vests unbridled discretion in a government official over whether to permit or deny expressive activity, one who is subject to the law may challenge it facially without the necessity of first applying for, and being denied, a license.” City of Lakewood v. Plain Dealer Publishing Co., 486 U.S. 750, 755-56, 108 S.Ct. 2138, 100 L.Ed.2d 771 (1988). Facial challenges are permitted because it is the very existence of unbridled discretion to regulate expressive activity, and not simply its application to any particular speaker, against which the First Amendment protects. Since the plan under which the City proposed to collect fees vested unbridled discretion in officials, the City has always been without authority to enforce any part of it.
The hypothetical regulation envisioned by Judge Carnes in his concurrence, whereby the City might "throw[] open its airport for the use of any publishers who wish to put news-racks there and charg[e] them a reasonable fee for as much of the airport property as they choose to use,” simply assumes away the basis on which today’s decision rests. Were licenses available to any publisher who wished to place a newsrack at Hartsfield, we would have no ground to find the plan unconstitutional as a result of officials' unbridled discretion. So long as we treat of the circumstances actually before us, however, we may not consider the plan as consisting of two separate components, one vesting unbridled discretion in officials (unconstitutional) and the other allowing for the collection of rea *1317 sonable fees (constitutional). Accordingly, the City has no entitlement to recoup fees it might have collected had it chosen, instead of fighting the newspapers in the district court, before a panel of this Court, and then before this Court en banc, to devise a scheme of regulation that simultaneously provided for the imposition of reasonable fees and suitably constrained airport officials' discretion. The line of cases cited by Judge Carnes regarding a litigant’s right to be made whole after a wrongful injunction is wholly inapposite.